IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHARLES W ROSE, IV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:23-CV-388 (MTT) |
| | ) |
| BIBB COUNTY SHERIFF'S OFFICE, et. al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is defendants' Social Security Administration and the Federal Bureau of Investigation motion to dismiss for failure to state a claim upon which relief can be granted. Doc. 2. The Court is required to advise the plaintiff of the significance of this motion. *See Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985). In an effort to afford the plaintiff, who is proceeding *pro se*, adequate notice and time to respond to the defendants' motion, the following notice is given. If the plaintiff wishes to respond, he must do so no later than **TWENTY-ONE DAYS from the receipt of this Order**.[1]

If the plaintiff does not timely respond to the motion to dismiss, the Court may dismiss the claims against the defendants. Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Plaintiff may submit his argument to this Court by filing a brief in opposition to defendants' motion to dismiss.

---

[1] The Clerk is **DIRECTED** to mail a copy of the motion to dismiss (Doc. 2) to the *pro se* plaintiff at his last known address. Thereafter, all notices or other papers may be served on the plaintiff directly by mail at his last known address.

Unless the Court has granted prior permission, any brief should not exceed 20 pages. M. D. Ga. Civ. R. 7.4.

The Court evaluates a motion to dismiss based on failure to state a claim using the following standard. The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule12(b)(6), "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Factual allegations that are 'merely consistent with a defendant's liability' fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Where there are dispositive issues of law, a court may dismiss a claim

regardless of the alleged facts.  *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

**SO ORDERED**, this 20th day of October, 2023.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT