IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHARLES W ROSE, IV, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:23-cv-388 (MTT) |
| SOCIAL SECURITY ADMINISTRATION, et al., | ) |
| Defendants. | ) |

## ORDER

Defendants Social Security Administration (SSA) and the Federal Bureau of Investigation (FBI) move to dismiss plaintiff Charles Rose's complaint as a shotgun pleading.  Doc. 2.  Rose did not respond to the defendants' motion to dismiss.[1]  For the stated reasons, the defendants' motion (Doc. 2) is **GRANTED in part**.

Rose's complaint is difficult to parse.  Rose alleges a "general tort" claim stemming from a series of unrelated actions that appear to have no connection to the defendants.  Docs. 1-1; 1-2.  Specifically, Rose alleges he was raped on August 16, 2023; that he was poisoned by the State of Georgia "for the last year" through certain HIV antivirals; that there is a conspiracy to murder him; that the State of Georgia has violated his constitutional rights because it refuses to provide food stamps and discriminated against him because of his "race, creed, religion, sexual orientation, and

---

[1] After the defendants moved to dismiss, the Court sent Rose a *Griffith* notice advising him of the significance of the defendants' motion.  Doc. 3.

disability"; and that the FBI is "picking people to use everywhere [he] go[es] to cause conspiracy."  Docs. 1-1 at 6-7; 1-2 at 6-7.

To avoid dismissal pursuant to Rule12(b)(6), "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  *FindWhat Inv. Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted).  But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (cleaned up).  Furthermore, when a plaintiff is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (internal quotation marks and citations omitted).  However, "[d]espite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading."  *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

Rose's allegations against the defendants are wholly conclusory.  He alleges the defendants violated his rights without explaining what specific conduct was unlawful or citing any legal authority that would provide a basis for asserting these claims.  In sum, Rose's complaint is a shotgun pleading.  *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015) (holding that a complaint is a shotgun pleading if it is "replete with conclusory, vague, and immaterial facts not obviously connected to any

particular cause of action," does not "separat[e] into a different count each cause of action or claim for relief," or "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against").  As the defendants outline in their motion, "is unclear what allegations, if any, are asserted against Defendants SSA or FBI or how those allegations connect to legal claims."  Doc. 2 at 5.

The defendants ask the Court to dismiss Rose's complaint "in its entirety pursuant to Rule 12(b)(6)" or, in the alternative, "that the complaint be struck with leave to amend, and Plaintiff be required to replead his allegations in a new complaint to avoid shotgun pleading rules."  *Id*. at 6-7.  Because Rose's is proceeding pro se, the Court will give him an opportunity to amend.  Thus, Rose is **ORDERED** to file an amended complaint by **December 19, 2023**.  Failure to comply could result in the dismissal of this action.  *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978))[2].  Accordingly, the defendants' motion to dismiss (Doc. 2) is **GRANTED in part**.

**SO ORDERED**, this 5th day of December, 2023.

> S/ Marc T. Treadwell
> MARC T. TREADWELL, CHIEF JUDGE
> UNITED STATES DISTRICT COURT

---

[2] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).