**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **CHARLES W ROSE, IV,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:23-cv-388 (MTT)** |
| ) | |
| **SOCIAL SECURITY** ) | |
| **ADMINISTRATION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**ORDER**

Pro se plaintiff Charles Rose filed this lawsuit alleging a "general tort" claim stemming from a series of unrelated actions that appear to have no connection to the defendants.  Docs. 1-1; 1-2.  Defendants Social Security Administration and the Federal Bureau of Investigation moved to dismiss the complaint as a shotgun pleading or, in the alternative, "that the complaint be struck with leave to amend, and Plaintiff be required to replead his allegations in a new complaint to avoid shotgun pleading rules."  Doc. 2.  The Court granted that motion in part and ordered Rose to file an amended complaint by December 19, 2023.  Doc. 4.

The time for compliance passed without a response from Rose.  As a result, Rose was ordered to respond and show cause why his lawsuit should not be dismissed for failing to follow the Court's orders and instructions.  Doc. 5.  Rose was given until December 29, 2023 to comply with the Court's orders and instructions and was warned that failure to comply could result in dismissal of this action.  *Id*.

The time for compliance has again passed without a response from Rose.  As Rose was previously warned, the failure to comply with the Court's orders and instructions is grounds for dismissing this case.  *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978))[1].  Furthermore, Rose's complaint is subject to dismissal as a shotgun pleading.  *See* Doc. 4; *Gendron v. Connelly*, 2023 WL 3376577, at *1 (11th Cir. May 11, 2023) (holding that the district court did not abuse its discretion by dismissing a pro se plaintiff's amended complaint on shotgun pleading grounds).  Accordingly, Rose's complaint (Doc. 1) is **DISMISSED**.

**SO ORDERED**, this 2nd day of January, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).